*150 The opinion of the Court was delivered by
DargaN, Ch.
As to the right of the complainant to be endowed of the lands of her deceased husband, Joseph Cunningham, acquired after the first day of January, A. D. 1842, this Court concurs in the circuit decree, and the general reasoning on which it is founded. I will, on the present occasion, add nothing in the way of argument to what has been said in the circuit decree on this branch of the case, though the subject is by no means exhausted. On the complainant’s claim of dower, the judgment of the Circuit Court is rendered in the following language : “It is ordered and decreed, that the complainant is entitled to retain all the interests and estates given to her by the devises of Joseph Cunningham’s will; and also to have her dower assigned to her in all the lands acquired by the said Joseph Cunningham, after the first day of January succeeding the date of the deed of marriage settlement between him and the complainant.” This is perhaps not sufficiently explicit upon one point, and may by construction be made to mean more than was intended, though no such construction of the decree has been contended for on the part of the complainant. It was not intended to say, that she should take under the will the landed estates given to her by that instrument; and also to be endowed of those same estates. It has been settled, that where the testator gives lands to his wife for life by his will, it is repugnant to his intentions manifested by a plain implication, that she should be endowed of those same lands. Wilson vs. Hayne, (Chev. Eq. 39;) Caston vs. Caston, (2 Rich. Eq. 1;) Lord Dorchester vs. Earl of Effingham, (Coop. Rep. 319.)
The testator gave to the complainant, for life, the use of four hundred acres in-the Betty’s Neck place. He also gave her the privilege of residing in the mansion house on that place, for life, or in his house and lot, in the town of Camden, for her life, as she might choose. She is, in the first place, of course, to elect, whether she will take the mansion house and the easements, on the Betty’s Neck place or the house and lot in Camden. To *151 this election she is put by the will. . She is, in the next place, to elect whether, as to the lands given to her by the will, she takes them under the provisions of the will, or by her right of dower in those same lands. To the extent, that she elects to take the real estate given to her for life by the will, she is not to be endowed; and it is so ordered and decreed. It is further ordered and decreed, that she make the elections herein designated, by the first day of June next, unless, before that date, she applies for further time, on reasonable cause shown.
As to the question raised in the defendant’s third ground of appeal, and also as to that made in the first ground of appeal taken by the executors, it is.ordered and decreed, that the case be remanded to the Circuit Court for a trial de novo ; that the commissioner take the accounts of the rents and profits as ordered by the circuit decroe, and that he report thereon, with leave to state any special matter ; the equities of all the parties being reserved. It is also ordered and decreed, that the accounts for supplies furnished by the executors to the complainant, mentioned in the executors’ second ground of appeal, be referred to the commissioner, and that he report thereon, with any special matter ; the equities of the parties to be reserved.
It is further ordered and decreed, that the circuit decree be so modified as to conform to the decree of this Court; and that in all other respects the circuit decree be affirmed and the appeals be dismissed.
JohNSTON, DunkiN and WaRDLaw, CO., concurred.

Decree modified.